IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEMECUS SPENCER,**

    **Plaintiff,**

                                    Case No. 2:24-cv-3852
                                    Chief Judge Sarah D. Morrison
    v.                            Magistrate Judge Elizabeth P. Deavers

**HILTON CORPORATE OFFICE,**
    *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident proceeding without the assistance of counsel, initiated this action on August 16, 2024, by moving for leave to proceed *in forma pauperis*. (ECF No. 1.) By Order dated August 20, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) By Order dated September 11, 2024, the Court directed Plaintiff to file an amended complaint. (ECF No. 4.) The Court explained that it appeared that Plaintiff was attempting to assert claims under Title VII of the Civil Rights Act of 1964, 42 U. S.C. §§ 2000e to 2000e-17 (Title VII"), but her Complaint was too vague for the Court to discern specific allegations for each Defendant. The Court further noted that the complaint contained only legal conclusions that Plaintiff suffered sexual harassment, discrimination or a hostile work environment without any factual support. (*Id*.)

On October 10, 2024, Plaintiff filed an Amended Complaint which is now before the Court for the initial screen under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of the Amended Complaint, or any portion of it, which is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint in its entirety.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that- -
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however,

has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

The nature of Plaintiff's claim is not clearly stated, although the EEOC charge attached to her original Complaint suggests her intention to bring a Title VII claim. That charge reads, in its entirety:

> During my employment, I was subjected to harassment due to my sex, by General Manager, Ken O'Reilly. Some examples of harassment include threatening to write me up for things that I did not do, and continually changing my schedule so that I could not do my job or report to work at times. Ken treated me and other female employees less favorably than male employees. I was also harassed by a male coworker. My coworker would continually get in my face and threaten me. I complained multiple times to Human Resources about the harassment, but the Respondent failed to take appropriate action. On or about April 17, 2024, I was forced to resign due to the continuing discrimination.
>
> I believe I have been discriminated against because of my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

Against that backdrop, and construing the Amended Complaint liberally, Plaintiff appears to be asserting both a hostile work environment claim arising from alleged sexual harassment and a gender discrimination claim.[2] The Court will consider each of these potential claims in turn.

The United States Court of Appeals for the Sixth Circuit recently reiterated the elements of a hostile work environment claim in *Schlosser v. VRHabilis, LLC*, 113 F.4th 674 (6th Cir. 2024):

---

[2] Plaintiff's Amended Complaint does not further address the issue of medical leave as alluded to in the original Complaint. At one point, Plaintiff states that "On 9-22-23 I went to urgent care and they took me off work for a few day but they made me come back to work the next day." Later, she states that "4-2-24 My counselor was trying to have them send over paperwork to take me off Because everything that being happen messed with my mental health and they would not send nothing over and didn't." (ECF No. 6 at 3, 5.) Plaintiff does not connect these apparently unrelated incidents to any claim of discrimination or retaliation relating to medical leave.

> To prevail on a hostile work environment claim on the basis of her sex or gender under Title VII, a plaintiff must show that: "(1) she was a member of a protected class; (2) she was subjected to unwelcome ... harassment; (3) the harassment complained of was based on sex; (4) the charged sexual harassment created a hostile work environment; and (5) the employer is liable." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006).

*Id.* at 683.  To be sure, Plaintiff "need not allege specific facts establishing the *prima facie* case" at this stage.  *Meka v. Dayco Prod. LLC*, No. 2:23-CV-11437, 2024 WL 3556180, at *2 (E.D. Mich. July 26, 2024) (citing *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024)).  However, Plaintiff must plead sufficient facts from which the Court, "'informed by its judicial experience and common sense, could draw the reasonable inference'" that she was subject to a hostile work environment "based on a protected characteristic."  *Id.* (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).  Thus "'a complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations' fails to state a claim."  *Id.*  (quoting *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012)).

Here, Plaintiff has failed to allege a plausible hostile work environment claim.  Other than the conclusory statement in her EEOC charge that she was discriminated against because she was female, Plaintiff's Amended Complaint is devoid of any facts upon which the Court could infer that her gender had anything to do with any alleged harassment.  While Plaintiff identifies certain instances where "Lawrence" presumably the co-worker identified in her EEOC charge, yelled at her, accused her of stealing, "harassed" her about appointments, and entered the building while she was working the night shift, Plaintiff has failed to connect any of these alleged actions to her gender.  The same can be said of Plaintiff's complaints regarding the actions of her General Manager, Ken O'Reilly, regarding scheduling changes and various "threats" of discipline.  Given these minimal facts, the Court is left with nothing but speculation

5

as to whether any of these alleged actions were because of Plaintiff's gender as opposed to her work performance scheduling needs, or some other reason.

Plaintiff's gender discrimination claim fares no better. To establish a *prima facie* case of discrimination, Plaintiff must allege that she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably. *Peltier v. United States*, 388 F. 3d 984, 987 (6th Cir. 2004). Plaintiff has not set forth any facts plausibly demonstrating that she was discriminated against on the basis of her gender. That is, even noting Plaintiff's gender and recognizing that, under certain circumstances resignation may be considered an adverse employment decision, Plaintiff fails to meaningfully address the remaining elements of this claim. Her allegations are silent as to her qualifications for her position. Most importantly, however, Plaintiff's assertion in her EEOC charge that she and other female employees were treated less favorably than male employees is wholly conclusory. As such, it does not allow a plausible inference that any employee outside of Plaintiff's alleged protected class who was similarly situated to her was treated more favorably than she was.

Two final points. First, Plaintiff also asserts that she suffered an injury when the ice machine door fell on her foot. Ohio's worker compensation laws, however, establish an exclusive remedy for employees injured on the job. Those laws, as applicable here, prevent employees from suing employers to recover for injury. *Ulrick v. Kunz*, 349 F. App'x 99, 101 (6th Cir. 2009) (citing R.C. § 4123.74). Further, Plaintiff's isolated statement that she was not allowed to use bereavement leave when her aunt passed away is insufficient to be construed as raising an independent claim.

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that the Amended Complaint be **DISMISSED** in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED:  November 12, 2022

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**